```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

**CURTIS B. BAYZELLA,**               :
                                      :
      **Petitioner,**            :
                                      :
**vs.**                               :   CIVIL ACTION NO. 18-00467-CG-B
                                      :
**WARDEN P. RICHIE,**                 :
                                      :
      **Respondent.**            :

## REPORT AND RECOMMENDATION

This action is before the Court on review. Petitioner Curtis B. Bayzella, an Alabama inmate proceeding *pro se*, filed the instant petition seeking habeas corpus relief under 28 U.S.C. § 2254, along with a motion to proceed without prepayment of fees. (Docs. 1, 2). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72(a)(2)(R), and Rule 8 of the Rules Governing Section 2254 Cases.

On February 14, 2019 (Doc. 10), Respondent filed a "Motion for Clarification of Petitioner's Intent to Dismiss this Action" (Doc. 10). In the motion, Respondent asserted that Petitioner Curtis B. Bayzella served the Alabama Attorney General with a copy of a motion seeking to dismiss his petition in this action because "petitioner and the State of Alabama have settled and obtained a disposition of the pre-trial detainer." (Id. at 2). Respondent attached Petitioner Bayzella's motion to dismiss as Exhibit A to

the motion for clarification. (Doc. 10-1). Respondent asserted, and a review of the Court's docket confirmed, that Bayzella did not file the motion to dismiss with the Court. Accordingly, in an Order dated March 20, 2019 (Doc. 11), the Court granted Respondent's motion seeking clarification and ordered Bayzella to inform the Court, on or before April 10, 2019, in writing, if he wished to proceed with the litigation of this action. Bayzella was cautioned that his failure to comply with the Order within the prescribed time or to notify the Court of his desire to continue this litigation would be treated as an abandonment of the prosecution of this action, and that this action would be dismissed without prejudice. To date, Bayzella has filed no response to the Court's Order, nor has he requested additional time in which to do so. Moreover, his copy of the Court's Order dated March 20, 2019, has not been returned to the Court as "undeliverable," nor has there been any indication that Bayzella did not receive the Order.

An action may be dismissed if the plaintiff fails to prosecute it, or if he fails to comply with any court order. See Dickinson v. Granade, 2016 U.S. Dist. LEXIS 85448, *26, 2016 WL 3647181, *8 (S.D. Ala. June 1, 2016), *report and recommendation adopted*, 2016 WL 3637093 (S.D. Ala. June 30, 2016) (citing Fed.R.Civ.P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 630-631 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of

action for failure to prosecute); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.' "). In light of Respondent's assertion that "petitioner and the State of Alabama have settled and obtained a disposition of the pre-trial detainer," Bayzella's motion to dismiss which he sent to Respondent, and Bayzella's failure to respond to the Court's Order dated March 20, 2019, the Court finds that Bayzella has elected against proceeding with this action. Accordingly, the undersigned **RECOMMENDS** that the Court dismiss this action without prejudice for failure to obey the Court's order and to prosecute this action.

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA GenLR 72(c). The parties should note that, under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in

accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

    **DONE** this the **25th** day of **April, 2019.**

                                          **/s/ SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**